UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYSSA MILLER,

    Plaintiff,

v.                                                  Case No. 8:19-cv-02582-T-60CPT

ASCOM HOLDING AG,

    Defendant.
_____/

## ORDER GRANTING IN PART "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT"

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Verified Complaint," filed by counsel on October 25, 2019. (Doc. # 3). On November 18, 2019, Plaintiff Lyssa Miller filed a response in opposition to the motion. (Doc. # 9). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background

Following the death of a long-time friend, Plaintiff has asserted two claims against Defendant Ascom Holding AG, the decedent's former employer, related to her status as an alleged beneficiary under the decedent's life insurance policy – (1) tortious interference with an expectancy and (2) breach of third-party beneficiary contract. Plaintiff's allegations center on what she claims was an improper acceleration of life insurance benefits following the decedent's diagnosis with a terminal illness. According to Plaintiff, a request was made to accelerate the benefits in the maximum amount of $250,000, but the decedent passed away before the accelerated benefits were received – this money was re-issued to the decedent's estate instead of Plaintiff as the beneficiary.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

*Count I - Tortious Interference with an Expectancy*

In its motion, Defendant argues that Count I should be dismissed with prejudice for failure to state a claim because Plaintiff's tortious interference claim contains bare bone and conclusory allegations that do not describe the facts with sufficient specificity. Defendant further argues that because it was merely the decedent's employer – and not the entity that issued and distributed proceeds from the life insurance policy – it was in no position to make representations or advise the decedent regarding the acceleration of his benefits.

To state a cause of action for intentional interference with an expectancy, a plaintiff must allege: "(1) the existence of an expectancy; (2) intentional interference with the expectancy through tortious conduct such as duress, fraud, or undue influence; (3) causation and (4) damages." *Nationwide Life Ins. Co. v. Perry*, No. 9:12-cv-80194, 2012 WL 4838986, at *4 (S.D. Fla. Oct. 11, 2012).

Upon review, the Court finds that Count I is not supported by sufficient factual allegations. Specifically, Plaintiff fails to identify any tort or tortious conduct committed by Defendant – it is not clear whether she is proceeding under a theory encompassing duress, fraud, undue influence, or something else. At best, Plaintiff alleges that Defendant's employee (1) "directed the conversation and actions [of the decedent] to accelerate the policy benefits," (2) never suggested that the decedent speak with an accountant or attorney to review the consequences of accelerating the policy, and (3) only offered to accelerate the maximum amount. These facts, as alleged, are not enough to sufficiently plead tortious conduct. Plaintiff also alleges, in conclusory fashion, that Defendant "intentionally misrepresented facts and circumstances" to encourage the decedent to accelerate his benefits, but she does not identify with any sufficient detail the nature of these misrepresentations. Although Plaintiff is not required to plead a tortious interference with expectancy claim with heightened particularity, she must still plead this claim with sufficient detail. *See id.* at *5 (rejecting argument that the tortious interference with expectancy claim must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), but ultimately concluding that the claim did not contain sufficient detail to support a tortious interference claim based on undue influence). Consequently, Count I is due to be dismissed without prejudice.

*Count II – Breach of Third-Party Beneficiary Contract*

In its motion, Defendant argues that Plaintiff has failed to and cannot sufficiently plead a breach of third-party beneficiary claim. Additionally, Defendant contends that Plaintiff lacks standing to pursue such a claim because Plaintiff is not a third-party beneficiary to any contract to which Defendant is a party.

To state a claim for breach of a third-party beneficiary contract, a plaintiff must allege: "(1) the existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." *Kruse v. Mass. Mutual Life Ins. Co.*, 2017 WL 3494334, at *4 (S.D. Fla. Aug. 15, 2017) (quoting *Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 95 (Fla. 2006)).

In her complaint, Plaintiff alleges that she was the sole beneficiary of the decedent's life insurance policy. Although she alleges that "the terms of the contract between [the decedent] and Defendant evidenced a clear or manifest intention that it be for the benefit of Plaintiff," she does not actually allege that there was an actual contract concerning the life insurance policy between the decedent and Defendant.[1] Moreover, Plaintiff does not actually allege that Defendant breached any terms of the life insurance policy. Instead, she alleges that Defendant breached its fiduciary duties owed to the decedent.

Consequently, the Court finds that Plaintiff has failed to sufficiently allege a claim for breach of third-party beneficiary contract. Count II is therefore dismissed without

---

[1] It is unclear from the allegations of the complaint whether Plaintiff's claim is based solely on the life insurance policy or whether there is some other contract in existence between the decedent and Defendant. The Court notes that although the life insurance policy may have been employer-sponsored, it does not necessarily mean that the employer is a contracting party to the life insurance policy between the life insurance company and the insured decedent.

prejudice. Should Plaintiff seek to reassert this claim in an amended complaint, she is directed to attach a copy of the life insurance policy to the amended complaint, if that is the contract at issue. *See id.* at **5** (dismissing complaint without prejudice and requiring alleged third-party beneficiary to include a copy of the life insurance policy in the event that she sought to reassert the breach of third-party beneficiary contract claim).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Verified Complaint" is hereby **GRANTED IN PART**.

2. Counts I and II of Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE** to any right Plaintiff may have to re-plead these claims, as explained in this Order.

3. Plaintiff is directed to file her amended complaint on or before January 6, 2020. Failure to file a timely amended complaint will result in the dismissal of this action without prejudice without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 19th day of December, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**