**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
CASE NO. 2019-cv-02582-TPB-CPT

**LYSSA MILLER**,

    Plaintiff

vs.

**ASCOM HOLDING AG,**

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**

COMES NOW Defendant, Ascom Holding AG ("Defendant"), by and through it undersigned counsel and files its Motion to Dismiss Plaintiff, Lyssa Miller's ("Plaintiff's) First Amended Verified Complaint (D.E. 15), and states:

**Procedural and Factual Background**

Plaintiff attempts to assert claims against Defendant stemming from her alleged status as a beneficiary under a long-time friend's life insurance policy, Joseph Stone ("the decedent"). Plaintiff's original Complaint was dismissed without prejudice on December 19, 2019, for failure to state a claim for which relief can be granted.[1] Plaintiff filed the First Amended Verified Complaint ("FAC") on January 6, 2020. Plaintiff's tenuous allegations therein confirm that Plaintiff does not have the requisite standing to assert these claims against Defendant, and cannot state a claim for which relief can be granted.

---

[1] *See* Order Granting in Part Defendant's Motion to Dismiss Plaintiff's Verified Complaint (D.E.12). Plaintiff's claim for breach of a third-party beneficiary contract has been abandoned. Plaintiff did not re-assert this claim in the First Amended Complaint and did not attach any documents to support her alleged status as a beneficiary under any life insurance policy.

**Legal Standard**

The Federal Rules of Civil Procedure ("Rules") require that a plaintiff's claim for relief contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court interprets this requirement to mean that "a plaintiff's obligation to provide the 'grounds' of [his] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This standard is required "in order to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Such a standard mandates allegations at the pleading stage that establish a colorable claim for relief against a defendant. Factual allegations must support the legal conclusions of a complaint, and where such facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Finally, "a court may grant a motion to dismiss when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Hasbun v. Recontrust Co., N.A.*, No. 11-60488-CIV, 2011 U.S. Dist. LEXIS 96863 at *4 (S.D. Fla. Aug. 24, 2011) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Plaintiff has clearly not stated colorable claims for relief under this standard in her second attempt to state a cause of action. Rather, the First Amended Complaint contains vague allegations that do not support any articulable cause of action against Defendant.

**MEMORANDUM OF LAW**

**I.   PLAINTIFF LACKS STANDING**

Plaintiff lacks standing to assert claims against Defendant because Defendant does not owe a duty of care to Plaintiff, and has no contractual or fiduciary relationship with Plaintiff in relation to her alleged beneficiary status. Indeed, Plaintiff has not pled a single allegation describing any promise or contractual obligation on Defendant's part in relation to her alleged beneficiary status.

In the FAC, Plaintiff alleges that: the *decedent* was Defendant's employee; a fiduciary duty was owed to the *decedent*; and that Defendant had a confidential relationship with the *decedent*. *See* FAC at ¶2, 28(m), 33, and 45. She further alleges that life insurance was "offered" as part of the decedent's employment with Defendant, but does not allege that Defendant administered the proceeds from the policy. *See* FAC at ¶7. With no relationship between the parties and no basis to allege Defendant owed her any duty, Plaintiff's own allegations make it clear that she lacks standing to assert claims against Defendant.

In particular, Plaintiff's claims for negligent misrepresentation (Count 3), fraudulent misrepresentation (Count 4), fraudulent inducement (Count 5), and fraud (Count 6) must fail because Plaintiff has failed to allege, and cannot allege, that Defendant owed Plaintiff any duty. *Levine v. Wyeth, Inc.*, 684 F. Supp. 2d 1338 (M.D. Fla. 2010). To succeed in a claim for negligent misrepresentation, a plaintiff must show the defendant owed it a duty of care. *Levine v. Wyeth, Inc.*, 684 F. Supp. 2d 1338 (M.D. Fla. 2010) (internal citation omitted). If no duty exists, the claim *must* fail. *Levine*, 684 F. Supp. 2d at 1347.

As in an action for negligent misrepresentation, a defendant must owe a duty to the plaintiff to maintain an action for fraudulent misrepresentation. *See Behrman v. Allstate Ins. Co.*, 388 F. Supp.2d 1346, 1351 (S.D. Fla. 2005) (stating that under Florida law omissions are not actionable

as fraudulent misrepresentations unless the party omitting the information owes a duty of disclosure *to the party receiving the information*); *TransPetrol Ltd. v. Radulovic*, 764 So. 2d 878, 879-80 (Fla. Dist. Ct. App. 2000) ("a defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose" and such a duty arises due to a fiduciary or other relation of trust or confidence *between the parties*).

Plaintiff plainly lacks standing to assert claims against Defendant stemming from her alleged beneficiary status. The FAC should be dismissed with prejudice, as amendment would be futile; Plaintiff cannot plead around the fact that there was no relationship between the parties, and Defendant owed her no duty.

## II. FAILURE TO STATE A CLAIM

### a. Counts 1 and 2 for Tortious Interference with an Expectancy

Even if Plaintiff did have standing to assert claims against Defendant, which she does not, the FAC fails to state claims for which relief can be granted. The FAC fails to state a claim for tortious interference with an expectancy under a theory of undue influence (Count 1), or duress (Count 2). Plaintiff again asserts claims that are unsupported by her vague and conclusory allegations.

Plaintiff claims that Defendant tortiously interfered with her alleged expectancy of life insurance proceeds by undue influence, and/or duress. However, much like the insufficient allegations in the original Complaint, the allegations in the FAC describe, at most, a grievance that Plaintiff unsuccessfully litigated against the decedent's sister. The alleged interference by Defendant is claimed to have occurred during a phone call between Defendant's employee and decedent, with one of the decedent's sisters nearby. Plaintiff alleges that on this call, Defendant's employee: (1) "mention[ed] the sister in an attempt to influence Joe to accelerate the benefits"; (2)

4

"used [decedent's] weakened mental state and forced the acceleration of benefits"; (3) offered the decedent the maximum acceleration of his benefits; (4) did not encourage the decedent to seek independent advice relating to the acceleration of benefits; and (5) stated that she would work with his sister to complete the paperwork. *See* FAC at 5, 7-8, 10-11 (D.E 15).

In support of the interference claim by duress Plaintiff again asserts, "Defendant intentionally misrepresented or concealed a material fact relating to the disposition of the life insurance policy of [decedent]." *See* FAC at 10 (D.E. 15). The Court found this allegation to be conclusory when dismissing the original Complaint. *See* Order Granting in Part Defendant's Motion to Dismiss Plaintiff's Verified Complaint at 3. Plaintiff has again failed to identify what material misrepresentation the employee allegedly made to the decedent concerning his life insurance policy.

These allegations, even taken as true, do not state a claim for undue influence and do not support a tortious interference claim. Plaintiff failed to identify how the employee allegedly forced the acceleration of benefits upon the decedent. The references to the decedent's sister do not describe force, and a conclusory allegation that the acceleration was forced is not sufficient to support this claim. This alone is fatal to Count 1 because "in making a determination regarding undue influence, 'the influence ***must*** amount to over persuasion, duress, force, coercion, or artful or fraudulent contrivances to such an extent that there is a destruction of free agency and willpower of the testator." *Nationwide Life Ins. Co. v. George*, No. 9:12-cv-80194-MARRA/HOPKINS, 2012 U.S. Dist. LEXIS 146454 (S.D. Fla. Oct. 11, 2012) (emphasis added) (citing to *Raimi v. Furlong*, 702 So.2d 1273, 1287 (Fla. Dist. Ct. App. 1997).

Likewise, these allegations fail to state a claim for duress. To state a cause of action for duress, a plaintiff must demonstrate that one side involuntarily accepted the terms of another, the

5

circumstances permitted no other alternative, and that said circumstances were the result of coercive acts of the opposite party. *Woodruff v. TRG-Harbour House, Ltd*, 967 So. 2d 248, 250 (Fla. 3d DCA 2007).

Plaintiff's vague allegations do not meet any of these required elements. As to Defendant's alleged actions, the allegations do not allege that Plaintiff involuntarily accepted the terms of another; rather, she complains that she was harmed by an acceleration of benefits authorized by the decedent. Accordingly, Counts 1 and 2 should be dismissed with prejudice for failure to state a claim for which relief can be granted.

### b. **Counts 3, 4, 5, and 6 for Negligent Misrepresentation, Fraudulent Misrepresentation, Fraudulent Inducement, and Fraud**

Apart from Plaintiff's lack of standing to assert Counts 3, 4, 5, and 6, these counts fail to state claims for which relief can be granted. For the sake of brevity, these newly asserted claims will be analyzed together as they each require the same basic elements.[2] Further, as each of these claims sound in fraud based on alleged omissions, they must be pled with particularity pursuant to

---

[2] The elements of negligent misrepresentation are "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." *Levine v. Wyeth, Inc.*, 684 F. Supp. 2d 1338, 1347 (M.D. Fla. 2010). The "elements of a fraudulent misrepresentation claim are essentially the same as those for negligent misrepresentation, except that, instead of proving that the representor reasonably should have known of the statement's falsity, the plaintiff must prove that the representor knew of the statement's falsity." *Levine*, 684 F. Supp. 2d at 1348 (M.D. Fla. 2010) (internal citations omitted). Likewise, a fraud claim requires (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). Likewise, fraudulent inducements requires the same showing. *Adios Aviation, Ltd. Liab. Co. v. EL Holdings I, Ltd. Liab. Co.*, No. 15-61218-CIV, 2015 U.S. Dist. LEXIS 182041 (S.D. Fla. Sep. 28, 2015).

Rule 9(b) of the Federal Rules of Civil Procedure. *See also Postel Indus. v. Abrams Grp. Constr., L.L.C.*, No. 6:11-cv-1179-Orl-28DAB, 2012 U.S. Dist. LEXIS 133667 (M.D. Fla. Sep. 19, 2012).

To satisfy Rule 9(b), a complaint must set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 17-12583, 2019 U.S. App. LEXIS 37964 (11th Cir. Dec. 20, 2019).

Here, the FAC fails to identify any statements made to Plaintiff, or what the Defendant obtained as an alleged consequence; as to the alleged statements made to the decedent, Plaintiff fails to identify the time and how such statements misled the Plaintiff. (The FAC suggests the Defendant mislead the decedent.)

The FAC does not meet the heightened pleading standards because Plaintiff failed to satisfy the four requirements under Rule 9(b). Thus, Counts 3, 4, 5, and 6 should be dismissed with prejudice.

### III.   CONCLUSION

Defendant respectfully requests that the FAC be dismissed with prejudice because (1) Plaintiff lacks standing to bring these claims against Defendant; and (2) the FAC fails to state a claim for which relief can be granted under Florida law.

## IV.     LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel attempted to confer with Plaintiff's counsel in good faith as to the lack of standing issue raised in this Motion on January 6, 2020 via email. However, Plaintiff's counsel was unresponsive.

Respectfully submitted this 21st of January 2020.

 *s/ Robin Taylor Symons*
Robin Taylor Symons, Esq.
Florida Bar No. 356832
rsymons@grsm.com
**GORDON REES**
**SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  305-428-5300
Facsimile:   877-644-6209
*Counsel for Defendant*
*ASCOM HOLDING AG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2020, a true copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List by electronic mail.

 */s/ Robin Taylor Symons*
Robin Taylor Symons, Esq.

**Service List**
Gregory A. Kaiser, Esq.
**Wills, Trusts, Probate & Elder Law Firm, PLLC**
6751 Professional Parkway West, Suite 104
Sarasota, Florida 34240
Telephone: (941) 914-9145
Email: greg@wtpelf.com
*Counsel for Plaintiff*