**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LYSSA MILLER,

      Plaintiff,

v.                                Case No. 8:19-cv-2582-T-60CPT

ASCOM HOLDING AG,

      Defendant.

_____/

## ORDER GRANTING "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT"

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint," filed by counsel on January 21, 2020. (Doc. 16). *Plaintiff failed to file a response, and the time to respond has expired.* After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

Following the death of a long-time friend, Plaintiff has asserted several claims against Defendant Ascom Holding AG, the decedent's former employer, related to her status as an alleged beneficiary under the decedent's life insurance policy – Tortious Interference with an Expectancy (Undue Influence) (Count 1), Tortious Interference with an Expectancy (Duress) (Count 2), Negligent Misrepresentation (Count 3), Fraudulent Misrepresentation (Count 4), Fraudulent Inducement (Count 5), and Fraud (Count 6). Plaintiff's allegations center on what she claims was an improper acceleration of life insurance benefits following the decedent's diagnosis with a terminal illness. According to Plaintiff, a request was made to accelerate the benefits in the

maximum amount of $250,000, but the decedent passed away before the accelerated benefits were received – this money was re-issued to the decedent's estate instead of Plaintiff as the beneficiary.

### Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the

[c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

A district court must generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

## Analysis

### Counts 1 and 2 - Tortious Interference with an Expectancy (Undue Influence and Duress)

In its motion, Defendant argues that Counts 1 and 2 should be dismissed with prejudice for failure to state a claim because Plaintiff has failed to cure the defects identified in the Court's prior Order. Specifically, Defendant contends that Plaintiff's tortious interference claims still contain only bare bone and conclusory allegations that do not describe the facts with sufficient specificity. The Court agrees.

To state a cause of action for intentional interference with an expectancy, a plaintiff must allege: "(1) the existence of an expectancy; (2) intentional interference with the expectancy through tortious conduct such as duress, fraud, or undue influence; (3) causation and (4) damages." *Nationwide Life Ins. Co. v. Perry*, No. 9:12-cv-80194, 2012 WL 4838986, at \*4 (S.D. Fla. Oct. 11, 2012). Although Plaintiff has now alleged theories of tortious interference based on both undue influence and duress, Plaintiff again fails to sufficiently plead facts to support these claims.

Florida courts distinguish "influence," which is not actionable, from "undue influence," which is actionable. *Metropolitan Life Ins. Co. v. Carter*, No. 3:04-cv-668-J-32HTS, 2005 WL 2810699, at \*15 (M.D. Fla. Oct. 27, 2005). Undue influence "must amount to fear, overpersuasion, force, or coercion to the extent of destroying the free agency and will power" of the decedent. *See id*. (quoting *Taylor v. Johnson*, 581 So. 2d 13333, 1334 (Fla. 1st DCA 1990)). "[T]he mind must be so controlled or affected by persuasion or pressure, artful or fraudulent contrivances, or by the insidious influence of persons in close confidential relations with him, that he is not left to act intelligent, understandingly, and voluntarily, but subject to the will or purposes of another." *Id*. (quoting *Taylor*, 581 So. 2d at 1334). In this case, Plaintiff does not sufficiently allege facts to demonstrate undue influence. She does not sufficiently allege the existence of a dominant confidential relationship between the decedent and either the ASCOM employee or ASCOM. She does not sufficiently allege any facts to establish active procurement, which is notable since it does not appear that the ASCOM employee or ASCOM itself received any benefit from the allegedly improper acceleration. She does

not allege any facts to show fear, overpersuasion, force, or coercion that destroyed the decedent's free agency and will power.

"Duress is a condition of mind produced by improper external pressure that destroys the free agency of the party compelled to act in a manner not of his or her own volition." *Smith v. Paul Revere Life Ins. Co.*, 998 F. Supp. 1412, 1416 (S.D. Fla. 1997) (citing *Cooper v. Cooper*, 69 So. 2d 881 (Fla. 1954)). Importantly, "mere mental weakness" is not sufficient to establish duress. *See id.* Plaintiff does not sufficiently allege facts to establish that the decedent was acting under duress when he chose to accelerate his life insurance policy benefits. She does not sufficiently allege the improper use of any pressure that would constitute duress, particularly where she does not allege that the ASCOM employee or ASCOM did not have a lawful right to accelerate the policy benefits or that the pressure, if any, exerted on the decedent was anything other than his own circumstances. *See Friedman v. Bache & Co.*, 321 F. Supp. 347, 350 (S.D. Fla. 1970).

At best, Plaintiff alleges that Defendant's employee "used [the decedent's] weakened mental state and forced the [maximum] acceleration of benefits" while intentionally misrepresenting or concealing material facts. As to the nature of these alleged misrepresentations, Plaintiff appears to only allege that (1) the ASCOM employee "repeatedly mention[ed] the sister in an attempt to influence [the decedent] to accelerate the benefits;" (2) when the decedent asked what he should do, the employee "never encouraged" him to seek the advice of counsel or a CPA prior to accelerating the life insurance policy benefits; and (3) the employee only offered the maximum acceleration. These facts – even when accepted as true – simply do not rise to the level

of either undue influence or duress.  Because Plaintiff has already had an opportunity

to cure similar or identical deficiencies but has failed to do so, Counts 1 and 2 are due to

be dismissed with prejudice.

### Count 3 – Negligent Misrepresentation

Defendant further argues that Count 3 should be dismissed because (1) Plaintiff

lacks standing to assert this claim since Defendant did not owe Plaintiff any duty; and

(2) Plaintiff fails to state a claim upon which relief can be granted.

"To plead negligent misrepresentation under Florida law, a plaintiff must

allege: (1) the defendant made a statement of material fact that the defendant believed

was true but was actually false; (2) the defendant was negligent because he should have

known the statement was false; (3) the defendant intended to induce the plaintiff to

rely on the false statement; and (4) an injury resulted to the plaintiff acting in

justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*,

680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010).  "In addition, a negligent

misrepresentation claim must fail if an investigation by the recipient of the information

would have revealed the falsity of the communication." *Douse v. Boston Scientific

Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018).

The specificity requirements of Federal Rule of Civil Procedure 9(b) apply to

claims for negligent misrepresentation, which sounds in fraud.  *See, e.g.*, *Linville v.

Ginn Real Estate Co.*, LLC, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010).  To satisfy the

requirements of Rule 9(b), a plaintiff must allege the following:

> (1) Precisely what statements were made in what documents or
> oral representations or what omissions were made[;] … (2) the time
> and place of each such statement and the person responsible for
> making (or, in the case of omissions, not making) same[;] … (3) the

> content of such statements and the manner in which they misled
> the plaintiff[;] and (4) what the defendants obtained as a
> consequence of the fraud.

*Drilling Consultants, Inc. v. First Montauk Securities Corp.*, 806 F. Supp. 2d 1228, 1234

(M.D. Fla. 2011) (quoting *Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir.

2001)).

      In this case, Plaintiff has failed to sufficiently plead a negligent

misrepresentation claim. Plaintiff essentially alleges that an ASCOM employee spoke

with Plaintiff at some unidentified point in time but did not inform her that there was

an acceleration of the decedent's life insurance benefits. (Doc. 15 at ¶ 86). Instead, the

employee "only informed Plaintiff there was an application for FMLA benefits." (Doc.

15 at ¶ 89). Although Plaintiff generally alleges that "[t]here were communications

between Plaintiff and ASCOM" (Doc. 15 at ¶ 30) and that "at no time did ASCOM

inform Plaintiff . . . that the life insurance policy benefits were accelerated" (*Id*. at ¶

31), Plaintiff has failed to allege sufficient factual detail as to any of her alleged

conversations with Defendant or its employees, including the identity of the speakers,

when and where the conversations occurred, and the alleged motive. *See Brooks v. Blue

Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (explaining

pleading requirements of Rule 9(b)); *PNC Bank, N.A. v. M.D.K. Holdings, LLC*, No.

6:14-cv-598-Orl-41TBS, 2014 WL 12685922, at *2 (M.D. Fla. Oct. 22, 2014) (dismissing

counterclaim with prejudice after concluding that obligors failed to state a claim for

negligent misrepresentation where they failed to allege, among other things, the time

and place of each statement).

The amended complaint lacks well-pleaded allegations that Plaintiff actually relied on Defendant's alleged misrepresentation beyond her conclusory and bare-bones statement. *See Jerue v. Drummond Company, Inc.*, No. 8:17-cv-587-T-17AEP, 2017 WL 10876737, at *12-13 (M.D. Fla. Aug. 17, 2017) (dismissing negligent misrepresentation and fraud claims due to amended complaint's lack of well-pleaded allegations of reliance beyond cursory statement that plaintiffs relied on misrepresentations). Plaintiff has not alleged any facts from which the Court can infer an intent by Defendant or its employees to induce reliance on the misrepresentation. *See Linville*, 697 F. Supp. 2d at 1307-08 (dismissing negligent misrepresentation and fraud claims because the plaintiff failed to specifically allege how the people making the representations intended to induce the plaintiff to act). Plaintiff has also failed to allege what Defendant obtained as a consequence of the fraud. *See Brooks*, 116 F.3d at 1371 (explaining that Rule 9(b) requires plaintiff to allege what defendants 'obtained as a consequence of the fraud.'). Additionally, it appears that a minimal investigation by Plaintiff would have revealed the falsity of the communication and the acceleration of the life insurance benefits. *See Douse*, 314 F. Supp. 3d at 1264 (explaining that "a negligent misrepresentation claim must fail if an investigation by the recipient of the information would have revealed the falsity of the communication.").

Normally, the Court would dismiss this claim with leave to amend. However, the Court has already dismissed the original complaint, and Plaintiff has previously failed to correct pleading deficiencies identified by this Court. Moreover, Plaintiff has failed to respond to the motion to dismiss or otherwise independently seek leave to amend. Therefore, Count 3 is dismissed with prejudice. *See PNC Bank, N.A.,* 2014 WL

12685922, at *2 (citing *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)) (dismissing claims with prejudice because party did not respond to motion to dismiss or seek leave to amend).  Because this dismissal is based on Plaintiff's failure to state a claim, the Court does not address Defendant's argument as to standing.

### *Counts 4, 5, and 6 – Fraud Claims*

Defendant also contends that Count 4 (Fraudulent Misrepresentation), Count 5 (Fraudulent Inducement), and Count 6 (Fraud) should be dismissed because (1) Plaintiff lacks standing to assert these claims since Defendant did not owe Plaintiff any duty; and (2) Plaintiff fails to state a claim upon which relief can be granted.

The elements of each of the causes of action in Counts 4, 5, and 6 are substantially similar or identical.  Because each of these counts sounds in fraud, Plaintiff is required to satisfy the pleading requirements of Rule 9(b).  Under Florida law, to plead a claim for fraud, a plaintiff must allege: "the [representer] made a false statement regarding a material fact; (2) the [representer] knew or should have known the statement was false when he made it; (3) the [representer] made the false statement with an intention that the [listener] rely and act on it; and (4) an injury resulted to the [listener] who acted in justifiable reliance on the false statement." *PNC Bank, N.A.*, 2014 WL 12685922, at *2.  Significantly, "[a]s with negligent misrepresentation, Rule 9(b) requires that, in stating a claim for fraud, 'a party must state with peculiarity the circumstances constituting fraud or mistake.'"  *Id*. (quoting Fed. R. Civ. P. 9(b)).

In this case, for the same reasons discussed in its analysis of Count 3, the Court finds that Plaintiff has failed to sufficiently plead any fraud claims.  Normally, the Court would dismiss these claims without prejudice and permit Plaintiff the opportunity to file an amended complaint.  However, the Court has already dismissed the original complaint, and Plaintiff has previously failed to correct pleading deficiencies identified by this Court.  Therefore, Counts 3, 4, 5 and 6 are dismissed with prejudice.  *See PNC Bank, N.A.,* 2014 WL 12685922, at *2 (citing *Wagner*, 314 F.3d at 542).  Because this dismissal is based on Plaintiff's failure to state a claim, the Court does not address Defendant's argument as to standing.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint" is hereby **GRANTED**.

2. Counts 1, 2, 3, 4, 5, and 6 of Plaintiff's first amended complaint (Doc. 15) are **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**