UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYSSA MILLER,

    Plaintiff,

v.                                                      Case No. 8:19-cv-2582-T-60CPT

ASCOM HOLDING AG,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on "Plaintiff's Motion and Supporting Memorandum for Reconsideration of the Court's Order Dated June 12, 2020 Dismissing Palintiff's [sic] First Amended Verified Complaint," filed by counsel on December 8, 2020. (Doc. 21). After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

Following the death of a long-time friend, Plaintiff asserted several claims against Defendant Ascom Holding AG, the decedent's former employer, related to her status as an alleged beneficiary under the decedent's life insurance policy – Tortious Interference with an Expectancy (Undue Influence) (Count 1), Tortious Interference with an Expectancy (Duress) (Count 2), Negligent Misrepresentation (Count 3), Fraudulent Misrepresentation (Count 4), Fraudulent Inducement (Count 5), and Fraud (Count 6). Plaintiff's allegations center on what she claims was an

improper acceleration of life insurance benefits following the decedent's diagnosis with a terminal illness. According to Plaintiff, a request was made to accelerate the benefits in the maximum amount of $250,000, but the decedent passed away before the accelerated benefits were received – this money was re-issued to the decedent's estate instead of Plaintiff as the beneficiary.

Plaintiff filed her complaint in state court on September 6, 2019. The action was subsequently removed to this Court. On December 19, 2019, the Court dismissed Plaintiff's complaint without prejudice, with leave to amend. (Doc. 12). Plaintiff then filed an amended complaint on January 6, 2020, attempting to cure the pleading deficiencies identified by the Court and adding new claims. On June 12, 2020, the Court dismissed Plaintiff's amended complaint with prejudice due to her failure to correct the pleading defects. (Doc. 20).

Now, *nearly six months later*, Plaintiff seeks reconsideration of the June 12, 2020, Order. Plaintiff claims that reconsideration is required to correct manifest errors of law and prevent manifest injustice because the Court has obviously misapprehended her position or the facts. As authority for her motion, Plaintiff cites to Federal Rules of Civil Procedure 59(e) and 60(b)(1) and (b)(6).

## Analysis

### *Rule 59(e)*

Plaintiff seeks reconsideration of the dismissal of her amended complaint under Rule 59(e). However, a motion to alter or amend a judgment must be filed within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). The

instant motion – filed nearly six months after the Court's Order dismissing her claims – is clearly untimely.

## *Rule 60*

Plaintiff also seeks reconsideration under Rule 60, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b).  Rule 60 motions "are directed to the sound discretion of the court." *See, e.g., Bilal v. Masony*, No. 2:16-cv-786-FtM-38NPM, 2019 WL 3759705, at *1 (M.D. Fla. Aug. 9, 2019) (collecting cases).

Plaintiff specifically points to Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and (b)(6) (the catch-all provision) to support her request for relief.  Under both provisions, a plaintiff seeking reconsideration must do so within a reasonable time.  Furthermore, to be entitled to relief under the catch-all provision, a plaintiff must demonstrate sufficiently extraordinary circumstances, "that absent such relief, an extreme and unexpected hardship will result." *Id.* (internal quotations and citations omitted).  Parties are not permitted to use Rule

60 as a substitute for a timely and proper appeal. *See, e.g., Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982).

Upon review, the Court again finds that the motion is untimely. Motions under Rule 60(b) must be filed within a "reasonable time," which depends upon the circumstances of each case.[1] *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008). When evaluating reasonableness, courts look at the reason given for the delay, the practical ability of the litigant to learn earlier of the ground relied upon, prejudice to other parties, and the interest in finality of the judgment or order. *See, e.g., id.*; *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981); *Harduvel v. Gen. Dynamics Corp.*, 801 F. Supp. 597, 603 (M.D. Fla. 1992).

Considering these factors, the Court finds that Plaintiff failed to file her motion within a reasonable time. The Court specifically notes that Plaintiff has failed to provide *any* explanation whatsoever for the nearly six month delay in requesting reconsideration. Furthermore, Plaintiff's reasons for reconsideration – her belief that the Court erred in dismissing her case without reviewing evidence and her belief that her claims were sufficiently pled – were known at the time of the June 12, 2020, Order.[2] Accordingly, the Court concludes that Plaintiff's motion,

---

[1] When a Rule 60(b) motion is based on a mistake, "it must be filed not only within a reasonable time but also within a year of the entry of judgment." *Ferrer v. Bayview Loan Servicing, LLC*, 823 F. App'x 858, 861 (11th Cir. 2020). The prohibition against filing such a motion after a year "does not necessarily clear the way for filing it at any time within, or up to, a year." *Id.* (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 738 (11th Cir. 2014)). As such, the Court must evaluate the reasonableness of the delay in this specific case.

[2] Even if the Court were to substantively address these issues, it would still deny relief. The fact that the Court did not listen to an audio recording of a telephone call prior to dismissing Plaintiff's case with prejudice does not constitute a mistake – the dismissal was

filed nearly six months after entry of the Order dismissing her case with prejudice, was not made within a reasonable time, and that she has failed to present any extraordinary grounds warranting relief.

Before dismissing Plaintiff's claims with prejudice, the Court gave her the opportunity to correct identified deficiencies in her complaint. This case should not be reopened because Plaintiff failed to do so properly. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The motion is denied. The case remains closed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of December, 2020.

                                             **TOM BARBER**
                                             **UNITED STATES DISTRICT JUDGE**

---

based on Plaintiff's failure to sufficiently state her claims for relief under Rules 8 and 9. Plaintiff simply did not meet her pleading burdens.